IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**STERLING HAMILTON AND
CHARLES E. HAMILTON**,

        Plaintiffs,

v.                                                                                                          No. CIV 11-208 BB/WPL

**CAPITAL ONE, N.A., a foreign corporation;
and CAPITAL ONE FINANCE
CORPORATION, a foreign corporation,**

        Defendants.

## MEMORANDUM OPINION

    This matter comes before the Court on Defendant Capital One's motion to dismiss [Doc. 16]. For the reasons set forth below, this motion will be Granted.

### Factual and Procedural Background

    In January, 2004, Plaintiffs Charles and Sterling Hamilton owned a Capital One credit card, issued by Defendants [Doc. 1 at 2]. On about January 14, 2004, Plaintiff Sterling attempted to cancel the credit card, by submitting a payment for the remaining balance, and denoting it as the "final payment" [Doc. 1 at 2]. However, this did not cancel the credit card, and Defendants continued to assess charges through a company called Filefront [Doc. 1 at 2]. Plaintiffs did not pay these charges [Doc. 16 at 1-2] and disputed owing them [Doc. 1 at 2]. Defendants reported to a credit reporting service that Plaintiffs' account was delinquent, and referred the account to a collection agency [Doc. 1 at 2].

Plaintiffs claim that Defendants mishandled the dispute, in violation of their credit agreement and the Consumer Credit Protection Act, 15 U.S.C. § 1601, *et seq.* [Doc. 1 at 2].

## Standard of Review

In considering a motion to dismiss, the Court must accept the factual allegations in the complaint as true, and resolve all reasonable inferences in Plaintiffs' favor. *See Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir.1998). Dismissal for failure to state a claim is not appropriate unless it appears beyond doubt that a plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citations omitted). As the Supreme Court and Tenth Circuit have recently discussed, however, in reviewing a motion to dismiss, this Court must look for plausibility in the complaint. *See Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir.2007). "Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008).

The Court initially notes that Plaintiffs did not respond to the motion to dismiss. Under this District's local rules, such failure to respond constitutes consent to grant the motions. D.N.M. LR-Civ. 7.1(b) (2010). However, the Tenth Circuit has mandated that the local rule not be applied to dispositive motions that will result in dismissal of a case. *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) ("[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party."). Instead, the district court must examine the submissions of the moving party to ensure the party is entitled to summary judgment. *Id.* The same reasoning applies to motions to dismiss

such as the one at issue here – a case should not be dismissed simply due to Plaintiffs' failure to respond to a motion.[1]  Therefore, the Court will not simply grant the motion as a sanction for Plaintiffs' failure to respond, but will ensure it is supported by the law as applied to the factual allegations of Plaintiffs' complaint.

## Discussion

I.   Breach of Contract

First, Plaintiffs briefly allege that Defendants breached the credit agreement between the parties [Doc. 1, para. 11].  In New Mexico, suits for breach of a written contract must be brought within the six-year statute of limitations.  N.M. Stat. Ann. § 37-1-3 (2011); *Tiberi v. CIGNA Corp.*, 89 F.3d 1423, 1428 (10th Cir. 1996) (noting that "[w]here a suit invokes several causes of action, each is subject to a distinct statute of limitations," and applying New Mexico's six-year statute of limitations to the contract claims).

In a breach of contract claim, the statute of limitations begins to run from the time of the breach. *Tiberi.,* 89 F.3d at 1428.  In the instant case, Plaintiffs do not state when the alleged breach occurred.  The only date Plaintiffs specify is their attempt to cancel the credit card on January 14, 2004.  Presuming the alleged breach also occurred during 2004, the six-year statute of limitations expired in 2010.  However, Plaintiffs did not file their complaint until March, 2011, at least three months too late [Doc. 1].  Although statutes of limitations are subject to

---

[1] The Tenth Circuit has pointed out, however, that the failure to respond can lead to sanctions, including dismissal of the case, under extreme circumstances.  *See Reed v. Bennett, supra*, 312 F.3d at 1195.  Defendants have not asked for such a sanction, and the Court has therefore not addressed the issue in this opinion.

equitable tolling, Plaintiffs have not attempted to justify or even address their delay.[2]  *See Continental Potash v. Freeport-McMoran, Inc.,* 858 P.2d 66, 76 (N.M. 1993) (requiring good cause to equitably toll the statute of limitations for a breach of contract claim).  Therefore, Plaintiffs' breach of contract claim is time-barred, and dismissal is proper.

II.     Violation of the Consumer Credit Protection Act

Plaintiffs next allege violations of several provisions of the Consumer Credit Protection Act: the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and the Truth in Lending Act (TILA), 15 U.S.C. § 1640.[3]  Each of these claims is time-barred.

The FCRA statute of limitations expires on the earlier of: five years after a violation occurs, or two years after a plaintiff discovers the violation. 15 U.S.C. § 1681p;  *Bormes v. United States*, 626 F.3d 574, 582-583 (Fed. Cir. 2010).  The FDCPA statute of limitations expires one year after a violation occurs. 15 U.S.C. § 1692k(d); *Ruth v. Unifund CCR Partners,* 604 F.3d 908, 910 (6th Cir. 2010); *Solomon v. HSBC Mortg. Corp.*, 395 Fed. Appx. 494, 495 (10th Cir. 2010).  The TILA statute of limitations expires one year after a violation occurs, unless a plaintiff can establish cause for equitable tolling.  15 U.S.C. § 1640e; *Heil v. Wells*

---

[2] Statutes of limitations are also subject to waiver, and Defendants do not cite the statute of limitations for contract claims.  However, Defendants' general discussion of timeliness, as well as their assertion that "statutes of limitations bar all of the asserted claims," make clear that they have not waived this defense [Doc. 16 at 3].

[3] The Consumer Credit Protection Act is the title given to the entire act, 15 U.S.C. § 1601, *et seq.*, encompassing, *inter alia,* the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Truth in Lending Act.  Plaintiffs title their complaint "Complaint for Violation of Truth in Lending Act and Consumer Credit Protection Act," but do not address the Truth in Lending Act in the body of their complaint.  The body of the complaint cites to "the Fair Credit Reporting Act and the Fair Debt Collection Act, as well as the Consumer Credit Protection Act" [Doc. 1, para. 12].

*Fargo Bank, N.A.,* 298 Fed. Appx. 703, 705-07 (10th Cir. 2008).  Thus under the federal statutes, Plaintiffs had at most five years after the alleged violation to file their suit.

As discussed above, Plaintiffs filed more than six years after the alleged violation occurred.  Plaintiffs allege no facts that would indicate a later accrual date under the above statutes.  Nor do Plaintiffs allege any facts that would permit equitable tolling.  Thus all of Plaintiffs' federal statutory claims are time-barred, and their dismissal proper.

Dated this 12th day of December, 2011.

_____
BRUCE D. BLACK
United States District Judge